UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12652-RGS

GREGORY CLEARY, JOHN DANIELE, ROB
HEINDL, JASON McGEE, DENNIS PARRISH,
and GORDON TAYLOR on behalf of
themselves and others similarly situated

v.

AMERICAN CAPITAL, LTD.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

February 28, 2014

STEARNS, D.J.

Plaintiffs in this putative class action are former employees of two defunct electrical services contractors, Constar International, lnc. (Constar), and Port City Electric Company (Port City). Plaintiffs were suddenly terminated on October 31, 2007, when the two contractors filed for bankruptcy. Plaintiffs seek to recover from American Capital, Ltd. (American Capital), a publicly traded Delaware private equity fund, the sixty calendar days of wages and benefits that they allege are owed under the Worker Adjustment and Retraining Notification (WARN) Act of 1988, 29 U.S.C. §§ 2101-2109. Members of the proposed plaintiff class were employed at a Constar facility in Norwood, Massachusetts, and at Port City facilities in North

Carolina and South Carolina at the time of their termination. Plaintiffs rest their claim against American Capital on a "single employer" (veil-piercing) theory based on its alleged *de facto* control of the day-to-day activities of Constar and Port City. Compl. ¶ 53.

The instant Complaint was filed in this court on October 21, 2013. On December 20, 2013, American Capital moved to dismiss the Complaint on grounds of claim preclusion, arguing that an earlier and largely identical class action complaint, brought by different named plaintiffs, had been dismissed with prejudice by the Delaware Bankruptcy Court in 2009, without certification of a class. Alternatively, American Capital seeks a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to allege a claim upon which relief can be granted, citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

The court allowed the motion to dismiss as unopposed on January 8, 2014, overlooking a previous grant of an extension to plaintiffs to file an objection. When the oversight was brought to the court's attention, it vacated the dismissal and allowed plaintiffs to oppose the motion, and defendant to reply. In doing so, the court asked the parties to address the implications of a relatively recent Supreme Court decision, *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011).

In *Smith v. Bayer*, the Supreme Court held that a district court had exceeded its authority under the Anti-Injunction Act in enjoining a state court from considering the certification of a class in a products liability action that was largely identical to one in which it had denied certification. A major difference, however, lay in the fact that the state court filing was made by plaintiffs who had not been parties to the federal action. The Court held that for the federal court's prior decision to have preclusive effect two conditions would have to be met. First, the issues before the federal court must have been identical to those presented to the state tribunal. And second, subject to rare exception, the plaintiff in the enjoined action must have been a party in the federal suit. Neither condition, the Court held, was met in *Bayer*, although the emphasis was on the second. "Neither a proposed class action nor a rejected class action may bind nonparties. What does have this effect is a class action approved under Rule 23." *Id*. at 2380.

Justice Kagan, the author of the majority opinion in *Bayer*, appeared not altogether comfortable with the result.

> Bayer's strongest argument comes not from established principles of preclusion, but instead from policy concerns relating to use of the class action device. Bayer warns that under our approach class counsel can repeatedly try to certify the same class "by the simple expedient of changing the named plaintiff in the caption of the complaint." Brief for Respondent 47-48. And in this world of

"serial relitigation of class certification," Bayer contends, defendants "would be forced in effect to buy litigation peace by settling."

*Id.* at 2381. Amelioration of this defendant's dilemma, Justice Kagan suggested, might be sought by resort to the Class Action Fairness Act (CAFA) or the Multi-District Litigation Panel, or by seeking relief from Congress in the form of amendments to CAFA or Fed. R. Civ. P. 23. *Id.* at 2381-2382 & n.12. "Finally, we would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute." (citing *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 198, (2000)).

In an instructive commentary on *Bayer,* Judge Richard Posner held in *Smentek v. Dart,* 683 F.3d 373, 377 (7th Cir. 2012), that a district court's denial of class certification did not bar later certification by another court of the same or a similar class. Appellants in *Smentek* were a group of pretrial detainees and convicted prisoners who had been denied class certification of a section 1983 claim against Cook County and its Sheriff regarding prison dental care. In their Complaint, appellants asserted that defendants' provision of one dentist for the dental needs of more than 10,000 inmates constituted "cruel and unusual punishment" under the Eighth Amendment. Another former inmate of Cook County Jail – Vincent Smith – had earlier brought a nearly

identical suit asking the district court to certify a class consisting of "all persons

who, while confined at Cook County Jail on and after June 29, 2005, requested

but were not given timely treatment for dental pain." *Id.* at 376.   The same

court had denied class certification in a materially identical class action suit by

still another former inmate of Cook County Jail, Lance Wrightsell.   Citing

*Bayer,* appellees argued that the lower court should "defer, based on the

principles of comity, to a sister court's ruling on a motion for certification of a

similar class." *Id.* at 375.

Finding Justice Kagan's reference to comity in *Bayer* to be a "cryptic"

and "novel version" of the term, Judge Posner remarked that

> the opinion cites no authority for the extension of the doctrine of
> comity to mere disagreement between federal judges, and despite
> the reference to expecting "federal courts to apply principles of
> comity to *each other's* class certification decisions," the Court
> seems really to have been thinking about cases involving
> federal-state comity, of which *Smith v. Bayer Corp.* was one. . . .
> One can imagine the Supreme Court's ruling that comity between
> district judges in class certification cases is a doctrine of
> preclusion, but there's no suggestion of that in *Smith v. Bayer
> Corp.* and it would be a surprising rule. It would give comity
> greater force between two judges of the same court than between
> two nations each jealous of its sovereign authority and demanding
> respect from other nations.

*Id.* at 375-376 (emphasis in original).  Consistent with his remarks, Judge

Posner held that the adoption of a rule of comity in class action suits that

precluded granting class certification in a copycat class action would elevate

comity to "just another name for collateral estoppel." *Id.* at 376.

The *Smentek* decision makes clear that the doctrine of comity is not a rule of preclusion, but rather one of deference. *Id.* at 377 ("We are left with the weak notion of 'comity' as requiring a court to pay respectful attention to the decision of another judge in a materially identical case, but no more than that even if it is a judge of the same court or a judge of a different court within the same judiciary."); *see also Murray v. Sears, Roebuck and Co.,* 2014 WL 563264, at *5 (N.D. Cal. Feb. 12, 2014) (acknowledging *Smentek* and other cases analyzing *Smith v. Bayer* and noting that "*Smith* [*v. Bayer*] itself, make[s] clear that [an earlier denial of class certification in a case brought by a different plaintiff] does not preclude [plaintiff] from moving for class certification in this case."); *Williams v. Winco Foods*, 2013 WL 4067594, at *1 (N.D. Cal. Aug. 1, 2013) ("Although Plaintiffs and Defendants spend a great deal of time wrangling over 'stare decisis,' 'comity,' and preclusion principles, what is not in dispute is that this Court has the discretion to consider its decision in *Gales* in ruling on class certification here."); *Baker v. Home Depot USA, Inc.,* 2013 WL 271666, at *5 (N.D. Ill. Jan. 24, 2013) ("[T]he denial of class certification in a materially similar case does not have a preclusive effect . . . [however] based upon the principle of comity, courts are required 'to pay respectful attention to the decision of another judge in a materially identical

case.'" (quoting *Smentek*, 683 F.3d at 377)).[1]

The takeaway is that, while a court will do what is "expected" in paying respect to the decision of a sister court, where the issue involves the noncertification of a class by a prior judge, a court may exercise its discretion as to whether to permit the new action to go forward under the banner of a newly-minted plaintiff.[2]  While the court acknowledges Judge Sontchi's October 29, 2009 decision in the *In re Newstarcom Holdings, Inc.*, (Del. Bankr. 08-50079), dismissing with prejudice American Capital in a substantially similar class action adversary proceeding, the decision gives no guidance on the certification issue as the decision is based on Rule 12(b)(6), rather than Rule 23.[3]  Because the grounds of the Delaware decision are unexplained, there is nothing for this court to defer to.

Notwithstanding, the court finds that, even at this stage, some of

---

[1] The court notes that each of these decisions was made in the context of consideration of a class certification motion.

[2] *Cf. Smentek*, 683 F.3d at 377 ("The rule urged by the defendants in this case that the denial of class certification bars the certification of the same or a similar class in a suit by a member of the same class as the previous suit might do the trick, but it would contradict the holding of *Smith v. Bayer Corp.*, which is that a class member who did not become a party to the previous parallel class action is not precluded from seeking class certification in his class action.").

[3] Judge Sontchi's decision is a margin note stating: "The claims against America Capital Ltd. are dismissed, with prejudice, for failure to state a claim upon which relief could be granted."

plaintiffs' claims should be dismissed. The Complaint was filed on October 21,

2013, nearly six years after the terminations took place. The claims of

plaintiffs who were employed by Port City in North Carolina and South

Carolina (the named plaintiffs from those states are Rob Heindl, Jason McGee,

Dennis Parish, and Gordon Taylor) are time-barred under the applicable

three-year statutes of limitations of those states.[4] While plaintiffs argue that

their class claims were tolled under *Am. Pipe & Constr. Co. v. Utah*, 414 U.S.

538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), the

First Circuit has adopted a "no piggyback" rule precluding the argument. *See*

*Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998) ("Plaintiffs may not

stack one class action on top of another and continue to toll the statute of

limitations indefinitely.").

---

[4] The parties disagree over which of the state statutes of limitations
applies. In choice of law matters, Massachusetts follows the "functional"
approach of Restatement (Second) of Conflict of Laws § 142 (1971). S*ee*
*Nierman v. Hyatt Corp*, 441 Mass. 693 (2004). Under this approach, the
forum will apply its own statute of limitations unless no substantial interest of
the forum would be served *or* the action would be barred by the statute of
limitations of a forum having a more significant relationship to the parties and
the occurrence. *See id*. at 697-698 (Texas law applied where tortfeasor resided
in Texas and the accident occurred at a Dallas hotel operated by a nonresident
corporation). North Carolina and South Carolina clearly have "a more
significant relationship" with their resident workers, and Massachusetts has
no countervailing substantial interest in permitting these residents claims to
go forward in a Massachusetts forum. *See id*. at 696-697.

ORDER

For the foregoing reasons, American Capital's motion to dismiss is ALLOWED in part (as to the Port City plaintiffs) and DENIED in part (as to the Constar employees), without prejudice to any prospective challenge to class certification. On a related matter, the court intends to take up the "single employer" issue prior to any consideration of class certification. To expedite resolution of this issue, plaintiffs will be permitted 120 days from the date of this Order (until June 30, 2014) to take discovery limited to their veil-piercing theory. At the conclusion of that discovery period, American Capital will have twenty-one (21) days to file a motion for summary judgment on the theory, should it so elect.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE