## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GREGORY CLEARY, JOHN DANIELE, ROB
HEINDL, JASON MCGEE, DENNIS PARRISH,
and GORDON TAYLOR on behalf of
themselves and others similarly situated,

                Plaintiffs,

      v.

AMERICAN CAPITAL, LTD.,

                Defendant.

Case No. 13-cv-12652-RGS

## ANSWER OF DEFENDANT AMERICAN CAPITAL, LTD.

Defendant American Capital, Ltd. ("American Capital") answers the putative Class

Action Complaint (the "Complaint") in this case as follows:

American Capital responds only to the plaintiffs' allegations relating to Constar

International, Inc. ("Constar"), in view of this Court's memorandum and order dismissing the

claims relating to Port City Electric Company ("Port City Electric").  Mem. & Order on Def.'s

Mot. Dismiss Feb. 28, 2014, ECF No. 30.  Unless otherwise expressly admitted or denied,

American Capital lacks knowledge or information sufficient to form a belief as to the truth or

falsity of any averments made in the Complaint referring or relating to the conduct of any other

party or entity besides American Capital.

## NATURE OF THE ACTION

1.      American Capital admits that the plaintiffs purport to bring a class action

complaint against American Capital asserting claims under the Worker Adjustment Retraining

and Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 through 2109, but otherwise American

Capital denies the allegations of the first sentence of Paragraph 1.  American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments of the second sentence of Paragraph 1.  American Capital states that the allegations in the remainder of Paragraph 1 constitute conclusions of law to which no responsive pleading is required, but to the extent that a response is required, American Capital denies the allegations.

## JURISDICTION AND VENUE

2.      American Capital states that Paragraph 2 states conclusions of law to which no responsive pleading is required.

3.      American Capital admits the allegations in Paragraph 3.

4.      American Capital admits the allegations in Paragraph 4.

5.      American Capital states that Paragraph 5 states conclusions of law to which no responsive pleading is required.

## THE PARTIES

6.      American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments set forth in Paragraph 6 and therefore denies the allegations set forth in Paragraph 6.

7.      American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments set forth in Paragraph 7 and therefore denies the allegations set forth in Paragraph 7.

8.      American Capital states that the allegations in Paragraph 8 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

9.      American Capital states that the allegations in Paragraph 9 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

10.     American Capital states that the allegations in Paragraph 10 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

11.     American Capital states that the allegations in Paragraph 11 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

12.     American Capital admits the allegations in Paragraph 12.

13.     American Capital admits the allegations in Paragraph 13.

14.     American Capital denies that it employed any of the plaintiffs or putative class members.  American Capital further states that Paragraph 14 states conclusions of law to which no responsive pleading is required.  If a response is required, American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments set forth in Paragraph 14, and therefore denies the allegations set forth in Paragraph 14.

15.     American Capital states that the allegations in Paragraph 15 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

16.     American Capital states that the allegations in Paragraph 16 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

17.     American Capital states that the allegations in Paragraph 17 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

18.     American Capital states that the allegations in Paragraph 18 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

19.     American Capital states that the allegations in Paragraph 19 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

20.     American Capital states that the allegations in Paragraph 20 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

21.     American Capital states that NewStarcom Holdings, Inc. ("NewStarcom") was a Delaware corporation, which, during some period of time, maintained offices at 661 Pleasant Street, Norwood, MA.  American Capital further states that Constar was a Massachusetts corporation, which, during some period of time, maintained offices at 661 Pleasant Street, Norwood, MA.  American Capital denies the remaining allegations set forth in Paragraph 21.

22.     American Capital states that NSC Holdings, Inc. ("NSC Holdings") was a Delaware corporation, which, during some period of time, maintained offices at 661 Pleasant Street, Norwood, MA.  American Capital further states that Constar was a Massachusetts corporation, which, during some period of time, maintained offices at 661 Pleasant Street, Norwood, MA.  American Capital denies the remaining allegations set forth in Paragraph 22.

23.     American Capital states that Paragraph 23 states conclusions of law to which no responsive pleading is required.  If a response is required, American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments set forth in Paragraph 23, and therefore denies the allegations set forth in Paragraph 23.

24.     American Capital states that the allegations in Paragraph 24 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

25.     American Capital states that the allegations in Paragraph 25 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

26.     American Capital states that the allegations in Paragraph 26 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

27.     American Capital states that the allegations in Paragraph 27 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

28.     American Capital denies the allegations set forth in Paragraph 28.

29.     American Capital states that the allegations in Paragraph 29 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

30.     American Capital states that the allegations in Paragraph 30 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

31.     American Capital states that the allegations in Paragraph 31 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

32.     American Capital states that the allegations in Paragraph 32 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

33.     American Capital states that the allegations in Paragraph 33 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

34.     American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' averments set forth in Paragraph 34 that plaintiffs' or "other similarly situated employees' employment was terminated" on or about October 31, 2007, and therefore denies this averment.  American Capital further states that the remaining allegations in Paragraph 34 state conclusions of law to which no responsive pleading is required, but to the extent that a response is required, American Capital denies the allegations.

35.     American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' averments set forth in Paragraph 35 that they or "other similarly situated employees who worked at or reported to the Constar Facility" were terminated "[a]t or about the time the Plaintiffs were terminated," and therefore American Capital denies this averment.  American Capital further states that the remaining allegations in Paragraph 35 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

36.     American Capital admits that the plaintiffs purport to bring this action on a representative basis.  American Capital further states that the remaining allegations in Paragraph 36 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments set forth in Paragraph 36, and therefore American Capital denies the allegations.

37.     American Capital states that the allegations in Paragraph 37 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments set forth in Paragraph 37, and therefore American Capital denies the allegations.

38.     American Capital denies that the plaintiffs and "other[s] similarly situated" were employees of or terminated by American Capital.  American Capital further states that the remaining allegations in Paragraph 38 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the allegations.

39.     American Capital states that Paragraph 39 states conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the allegations.

40.     American Capital denies that the plaintiffs and "other[s] similarly situated" were employees of or terminated by American Capital.   American Capital admits that it had no obligation to pay or provide, and therefore did not pay or provide, wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation, 401(k) contributions and/or health benefits and

any other employee benefits to plaintiffs and "other[s] similarly situated" after their terminations. American Capital otherwise denies the allegations in Paragraph 40.

41.     American Capital admits that the plaintiffs purport to bring this action on a representative basis.  The plaintiffs' allegations in Paragraph 41 concerning the putative "class of persons who worked at or reported to the Constar Facility" state conclusions of law to which no responsive pleading is required, but to the extent that a response is required, American Capital denies the allegations.  American Capital states that the remaining allegations in Paragraph 41 relate to claims which were dismissed from this case, and to which no responsive pleading is required.

42.     American Capital states that the allegations in Paragraph 42 state conclusions of law to which no responsive pleading is required, but to the extent that a response is required, American Capital denies the allegations.

43.     American Capital states that the allegations in Paragraph 43 state conclusions of law to which no responsive pleading is required, but to the extent that a response is required, American Capital denies the allegations.

44.     American Capital states that the allegations in Paragraph 44 state conclusions of law to which no responsive pleading is required, but to the extent that a response is required, American Capital lacks knowledge and information sufficient to form a belief as to the truth or falsity of allegations in Paragraph 44, and therefore denies the allegations in Paragraph 44.

45.     American Capital states that the allegations in Paragraph 45 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 regarding the experience of the plaintiffs' counsel in

class action employment litigation, and therefore American Capital denies the allegations in Paragraph 45.

45. American Capital states that the allegations in Paragraph 46 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 regarding the individual plaintiffs' and putative class members' financial resources, and therefore denies these allegations.  American Capital denies all other allegations in Paragraph 46.

47. American Capital states that the allegations in Paragraph 47 and in each of its subparts state conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, American Capital denies the allegations in the opening of Paragraph 47, and responds to each subpart as set forth below.

 a. American Capital states that Paragraphs 47 and 47(a) state conclusions of law to which no responsive pleading is required, but to the extent that a responsive pleading is required, American Capital denies the allegations in Paragraph 47(a).

 b. American Capital states that Paragraphs 47 and 47(b) state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, American Capital denies the allegations in Paragraph 47(b) relating to NewStarcom, NSC Holdings, and Constar.  The remaining allegations in Paragraph 47(b) concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.

 c. American Capital states that Paragraphs 47 and 47(c) state conclusions of law to which no responsive pleading is required.  To the extent that a responsive

pleading is required, American Capital denies the allegations in Paragraph 47(c) relating to Constar.  The remaining allegations in Paragraph 47(c) concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.

d.   American Capital states that Paragraphs 47 and 47(d) state conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, American Capital denies that the allegations in Paragraph 47(d) are "questions of law and fact common to" the putative class "that predominate over any questions solely affecting" individual putative class members.  The remaining allegations in Paragraph 47(d) concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.

e.   American Capital states that Paragraphs 47 and 47(e) state conclusions of law to which no responsive pleading is required, but to the extent that a responsive pleading is required, American Capital denies that the allegations in Paragraph 47(e) are "questions of law and fact common to" the putative class "that predominate over any questions solely affecting" individual putative class members.

f.   American Capital states that Paragraphs 47 and 47(f) state conclusions of law to which no responsive pleading is required, but to the extent that a responsive pleading is required, American Capital denies that the allegations in Paragraph 47(f) are "questions of law and fact common to" the putative class "that

predominate over any questions solely affecting" individual putative class members.

## CLAIM FOR RELIEF

48.     American Capital states that Paragraph 48 states conclusions of law to which no responsive pleading is required.  The allegations in Paragraph 48 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required. To the extent that a responsive pleading is required, American Capital denies the allegations in Paragraph 48 insofar as they refer or relate to American Capital.

49.     American Capital states that Paragraph 49 states conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, American Capital denies the allegations in Paragraph 49.

50.     American Capital states that Paragraph 50 states conclusions of law to which no responsive pleading is required.  The allegations in Paragraph 50 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required. To the extent that a responsive pleading is required, American Capital denies the allegations in Paragraph 50.

51.     American Capital states that the allegations in Paragraph 51 and in each of its subparts state conclusions of law to which no responsive pleading is required.  The allegations in Paragraph 51 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.  To the extent a responsive pleading is required, American Capital denies the allegations in the opening of Paragraph 51, and responds to each subpart as set forth below.

   a.   American Capital admits that for some period of time, American Capital owned

        approximately 70 percent of the common stock of NewStarcom.

   b.   American Capital admits that for some period of time, NewStarcom owned 100

        percent of the common stock of NSC Holdings.

   c.   American Capital admits that for some period of time, NSC Holdings owned 100

        percent of the common stock of Constar.  The allegations in Paragraph 51(c)

        concerning Port City relate to claims which were dismissed from this case, and to

        which no responsive pleading is required.

52.   American Capital denies that on or about October 31, 2007, Steve Price, Mark

Fikse, Craig Moore, or Gordon O'Brien simultaneously served on the boards of directors of

American Capital and Constar.  The allegations in Paragraph 52 concerning Port City relate to

claims which were dismissed from this case, and to which no responsive pleading is required.

53.   American Capital states that the allegations in Paragraph 53 and in each of its

subparts state conclusions of law to which no responsive pleading is required.  The allegations in

Paragraph 53 concerning Port City relate to claims which were dismissed from this case, and to

which no responsive pleading is required.  To the extent a responsive pleading is required,

American Capital denies the allegations in the opening of Paragraph 53, and responds to each

subpart as set forth below.

   a.   American Capital admits that in certain circumstances it used Operations Teams

        to assess and at times offer support and assistance to certain companies in which

        American Capital maintained an ownership interest.  American Capital denies the

        remaining allegations in Paragraph 53(a).

   b.   American Capital denies the allegations in Paragraph 53(b).

11

        i.  American Capital denies the allegations in Paragraph 53(b)(i).

       ii.  American Capital denies the allegations in Paragraph 53(b)(ii).

     iii.  American Capital admits that from time to time it created an Investment Committee to consider certain investments of American Capital. American Capital denies the remaining allegations in Paragraph 53(b)(iii).

     iv.  American Capital denies the allegations in Paragraph 53(b)(iv).

      v.  American Capital denies the allegations in Paragraph 53(b)(v).

     vi.  American Capital denies the allegations in Paragraph 53(b)(vi).

54.    American Capital states that the allegations in Paragraph 54 and in each of its subparts state conclusions of law to which no responsive pleading is required.  The allegations in Paragraph 54 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.  To the extent a responsive pleading is required, American Capital denies the allegations in Paragraph 54, and responds to each subpart as set forth below.

      a.  American Capital admits that from time to time it provided certain financial support to NewStarcom and certain of its subsidiaries.  American Capital denies the remaining allegations in Paragraph 53(a).

      b.  American Capital denies the allegations in Paragraph 53(b).

      c.  American Capital denies the allegations in Paragraph 53(c).

      d.  American Capital admits that at certain times one or more of its employees might have attended certain meetings of the Board of Directors of Constar.

55.    American Capital denies the plaintiffs' allegation in Paragraph 55 that American Capital ordered a "plant closing" of the Constar facility.  American Capital states that the

allegations in Paragraph 55 state conclusions of law to which no responsive pleading is required. The allegations in Paragraph 55 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the remaining allegations in Paragraph 55.

56.     American Capital denies the plaintiffs' allegation in Paragraph 56 that the closure of the Constar facility could be characterized as "[American Capital's] closure."  American Capital states that the allegations in Paragraph 56 state conclusions of law to which no responsive pleading is required.  The allegations in Paragraph 56 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required. To the extent that a response is required, American Capital denies the remaining allegations in Paragraph 56.

57.     American Capital denies that the plaintiffs and each of the putative class members were employees of or terminated by American Capital.  American Capital states that the allegations in Paragraph 57 state conclusions of law to which no responsive pleading is required. The allegations in Paragraph 57 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the remaining allegations in Paragraph 57.

58.     American Capital states that the allegations in Paragraph 58 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the allegations in Paragraph 58.

59.     American Capital states that the allegations in Paragraph 59 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the allegations in Paragraph 59.

60.     American Capital states that the allegations in Paragraph 60 state conclusions of law to which no responsive pleading is required.  The allegations in Paragraph 60 concerning Port City relate to claims which were dismissed from this case, and to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the remaining allegations in Paragraph 60.

61.     American Capital denies that the plaintiffs and each of the putative class members were employees of or terminated by American Capital.   American Capital admits that it had no obligation to pay or provide, and therefore did not pay or provide, wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation, 401(k) contributions, employee benefits under ERISA, medical expenses, and/or any other employee benefits.  American Capital otherwise denies the allegations in Paragraph 61.

62.     American Capital states that the allegations in Paragraph 62 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, American Capital denies the allegations in Paragraph 62.

63.     American Capital states that the allegations in Paragraph 63 consist of the plaintiffs' demand for a jury trial on "all issues that may so be tried," which calls for a legal conclusion and to which no responsive pleading is required.

## **RESPONSE TO REQUESTED RELIEF**

The remainder of the Complaint consists of the plaintiffs' demand for judgment, to which no response is required.  If and to the extent a response is deemed to be required, American Capital denies each and every allegation contained in the plaintiffs' demand for judgment, and denies that Plaintiffs are entitled to any relief against American Capital.

14

American Capital respectfully requests judgment in its favor, with all costs of this action and attorney's fees allowed by law, and such further relief as the Court may determine to be just and appropriate.

American Capital denies each and every allegation in the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

In addition to the foregoing denials, American Capital alleges and asserts the following defenses. By pleading these defenses, American Capital does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs. No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to the plaintiffs' allegations.

### FIRST DEFENSE

The plaintiffs cannot maintain a cause of action against American Capital because they were not employed by American Capital, and American Capital and NewStarcom, NSC Holdings, and/or Constar, in any combination, do not constitute a "single employer" under the WARN Act.

### SECOND DEFENSE

No relief against American Capital is proper, and any allegation against American Capital that is not specifically admitted is hereby denied.

### THIRD DEFENSE

The plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

The plaintiffs' claims are barred by the liquidating fiduciary doctrine.

## FIFTH DEFENSE

The plaintiffs' claims are barred by the faltering company defense, as set forth in 29 U.S.C. § 2102(b)(1).

## SIXTH DEFENSE

The plaintiffs' claims are barred by the unforeseeable business circumstances defense, as set forth in 29 U.S.C. § 2102(b)(2)(A).

## SEVENTH DEFENSE

The plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to American Capital.

## EIGHTH DEFENSE

To the extent the plaintiffs and/or any member of the putative class, or any person acting on their behalf, obtain recovery in any other case predicated on the same factual allegations or have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims, such plaintiffs or purported class members are barred from seeking recovery against American Capital pursuant to the doctrines of *res judicata* and collateral estoppel and the prohibition on double recovery for the same injury.  Moreover, should any damages be awarded against American Capital, American Capital is entitled to a set-off for the entire amount of all damages or settlement amounts recovered by the plaintiffs and/or any member of the putative class, or any person acting on their behalf, with respect to the same alleged injuries.

## NINTH DEFENSE

The plaintiffs' claims are barred, in whole or in part, due to their failure to join indispensible parties.

## TENTH DEFENSE

The plaintiffs' claims are barred, or damages if any must be reduced, as a result of good faith actions by American Capital and/or their employers.

## ELEVENTH DEFENSE

The plaintiffs can state no claim against Constar, and therefore cannot state any claims against American Capital.

## TWELFTH DEFENSE

The plaintiffs' claims are barred because they do not relate to a "single site of employment," as set forth in 29 U.S.C. § 2101(a)(2), (a)(3).

## THIRTEENTH DEFENSE

The plaintiffs' damages, if any, are limited to, wages and benefits, for working days during the 60 calendar day period.

## ADDITIONAL DEFENSES

American Capital reserves the right to assert additional defenses that become known to American Capital through discovery or otherwise.

Dated:     March 17, 2014                          Respectfully submitted,

                                                   /s/ Andrew P. Botti
                                                   Andrew P. Botti
                                                   MCLANE, GRAF, RAULERSON &
                                                   MIDDLETON, P.A.
                                                   300 Trade Center
                                                   Suite 7000
                                                   Woburn, MA 01801
                                                   Tel: (781) 904-2692
                                                   Fax: (781) 904-2701
                                                   andrew.botti@mclane.com

                                                   David B. Bergman
                                                   Matthew D. Keiser
                                                   Robert A. DeRise
                                                   ARNOLD & PORTER LLP
                                                   555 Twelfth St., NW
                                                   Washington, DC  20004
                                                   Tel:  (202) 942-5000
                                                   Fax:  (202) 942-5999
                                                   david.bergman@aporter.com

                                                   (Admitted *Pro Hac Vice*)

                                                   *Counsel for American Capital, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants as identified on the NEF (NEF) and paper copies will

be sent to those indicated as non registered participants, if any, on March 17, 2014.

                                                   /s/ Andrew P.Botti